Filed 2/3/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAN LUIS OBISPO LOCAL AGENCY FORMATION COMMISSION et al., <br><br>    Cross-complainants and Appellants. <br><br> v. <br><br> CENTRAL COAST DEVELOPMENT COMPANY, <br><br>    Cross-defendant and Respondent. | 2d Civ. No. B304144 <br> (Super. Ct. No. CV130383) <br> (San Luis Obispo County) |

A contract by a public agency that exceeds the agency's statutory powers is void and will not support an award of attorney fees pursuant to Civil Code[1] section 1717, subdivision (a). We reverse an award of fees against the public agency.

---

[1] All statutory references are to the Civil Code.

FACTS

I

*LAFCO I*

Central Coast Development Company (Central Coast) owns a 154-acre parcel of property within the sphere of influence of the City of Pismo Beach (City).[2] Central Coast wants to construct 252 single-family residences and 60 senior housing units on the parcel. The City approved Central Coast's application for a development permit for the property. The City and Central Coast applied to the San Luis Obispo Local Agency Formation Commission (LAFCO) to annex the property.

The LAFCO application signed by the City and Central Coast contained the following indemnity agreement: "As part of this application, Applicant agrees to defend, indemnify, hold harmless and release the San Luis Obispo Local Agency Formation Commission (LAFCO), its officers, employees, attorneys, or agents from any claim, action or proceeding brought against any of them, the purpose of which is to attack, set aside, void, or annul, in whole or in part, LAFCO's action on the proposal or on the environmental documents submitted to or prepared by LAFCO in connection with the proposal. *This indemnification obligation shall include, but not be limited to, damages, costs, expenses, attorneys' fees, and expert witness fees that may be asserted by any person or entity, including the Applicant*, arising out of or in connection with the application. In the event of such indemnification, LAFCO expressly reserves the

_____

[2] City of Pismo Beach is no longer a party to this action. This court dismissed its appeal pursuant to stipulation of the parties on January 3, 2022.

right to provide its own defense at the reasonable expense of the Applicant."  (Italics added.)

LAFCO denied the annexation application.  The City and Central Coast sued LAFCO.  LAFCO prevailed and presented a bill to the City and Central Coast for more than $400,000 in attorney fees and costs.  The City and Central Coast refused to pay.  The Special District Risk Management Authority (SDRMA), a public entity self-insurance pool, paid for LAFCO's fees and costs.

The City sued Central Coast to recover fees and costs expended in the Central Coast action against LAFCO.  LAFCO and SDRMA cross-complained against the City and Central Coast for fees and costs.  The cross-complaint was based on the indemnity provision of the annexation application.

The trial court granted the City and Central Coast's judgment on the pleadings against LAFCO and SDRMA (hereafter collectively "LAFCO").  The court denied LAFCO's request for leave to amend its pleadings.  LAFCO appealed.

We affirmed in *San Luis Obispo Local Agency Formation Com. v. City of Pismo Beach* (2021) 61 Cal.App.5th 595 (*LAFCO I*).  We determined that the indemnity agreement was not supported by consideration and that LAFCO has no statutory authority to impose an indemnity agreement as a condition of LAFCO's statutory duty to consider Central Coast's application.

### LAFCO II

While the appeal in *LAFCO I* was pending, the City and Central Coast moved for attorney fees based on section 1717.  The trial court granted the motion.  The court awarded $172,850 to the City and $428,864 to Central Coast.  LAFCO again appeals (*LAFCO II*).

3.

DISCUSSION

*Section 1717 Does Not Apply to a Void Contract*

LAFCO contends the indemnity agreement is void as an illegal and ultra vires contract.[3] LAFCO asserts section 1717 does not apply to a void contract.

Section 1717, subdivision (a) provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

LAFCO argues our opinion in *LAFCO I* determined that the indemnity agreement was an illegal contract. It cites *Geffen v. Moss* (1975) 53 Cal.App.3d 215, 227, for the principle that where a contract is illegal, it is void, a right to attorney fees created by the contract is unenforceable, and section 1717 does not apply. (See also *Bovard v. American Horse Enterprises, Inc.* (1988) 201 Cal.App.3d 832, 843 [citing *Geffen*].)

Central Coast replies that the contract is not illegal, and our opinion in *LAFCO I* does not say that it is. Central Coast relies on a line of cases that state a contract is illegal where the object of the contract is unlawful. (Citing, e.g., *McIntosh v. Mills* (2004) 121 Cal.App.4th 333, 346.) Central Coast argues the

---

[3] Central Coast contends LAFCO has waived the argument by not raising it in the trial court. But the question is one of law that we can consider for the first time on appeal. (*Sanchez v. Truck Ins. Exchange* (1994) 21 Cal.App.4th 1778, 1787 [a party may raise for the first time on appeal a pure question of law which is presented by undisputed facts].)

4.

object of the contract involved here, an indemnity agreement, is not unlawful.

In *LAFCO I*, we concluded that LAFCO was not authorized by statute to make the indemnity agreement. (*LAFCO I*, *supra*, 61 Cal.App.5th at pp. 600-602.) Where a public agency is not authorized to make an agreement, the agreement is void and the public agency may neither enforce nor be liable on the contract. (*Air Quality Products, Inc. v. The State of California* (1979) 96 Cal.App.3d 340, 349; see 1 Witkin, Summary of Cal. Law (11th ed. 2017) Contracts, § 1011, p. 1053.) It follows that the public agency is not liable for attorney fees based on section 1717. Section 1717 is based on contract. The result should be no different than with contracts that are void for illegality. (See *Geffen v. Moss*, *supra*, 53 Cal.App.3d at p. 227.)

II

*In Pari Delicto Does Not Apply*

Central Coast contends that the doctrine of in pari delicto applies to allow enforcement of the contract.

Central Coast cites *McIntosh* for the principle that the doctrine of in pari delicto allows an illegal contract to be enforced " 'so long as the party seeking its enforcement is less morally blameworthy than the party against whom the contract is being asserted, and there is no overriding public interest to be served by voiding the agreement.' " (*McIntosh v. Mills*, *supra*, 121 Cal.App.4th at p. 347.)

But the doctrine does not apply to unauthorized contracts made by public agencies because there is an overriding public interest to be served by voiding the agreement. The overriding public interest is to protect the public fisc. Thus, a party who contracts with a public agency that lacks the authority to enter

5.

into the contract cannot even collect in quantum meruit for services rendered because of the need to limit a public entity's contractual obligations. (*Katsura v. City of San Buenaventura* (2007) 155 Cal.App.4th 104, 109-110.)

Moreover, the question of attorney fees arose because Central Coast brought a meritless action against LAFCO. For the same reason that LAFCO could not recover fees because the interpretation of the indemnity agreement lacked merit, so too Central Coast may not recover fees.

DISPOSITION

The judgment (order) is reversed. Costs on appeal are awarded to appellants.

CERTIFIED FOR PUBLICATION.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

6.

Ginger E. Garrett, Judge

Superior Court County of San Luis Obispo

_____

McCormick, Barstow, Sheppard, Wayte & Carruth, James P. Wagoner, Timothy J. Buchanan, Brandon M. Fish, and Lejf E. Knutson for Cross-complainants and Appellants San Luis Obispo Local Agency Formation Commission and Special District Risk Management Authority.

Richards, Watson & Gershon, T. Peter Pierce, Kyle H. Brochard; David M. Fleishman, City Attorney, for Cross-defendant and Respondent City of Pismo Beach.

Jackson Tidus, Michael L. Tidus, and Gregory P. Regier for Cross-defendant and Respondent Central Coast Development Company.